UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Gustavo Negrete, ) | |
| ) | C/A No.: 6:12-cv-00386-GRA |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | (Written Opinion) |
| Carolyn Colvin, ) | |
| Acting Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |

This matter comes before the Court for a review of Magistrate Judge Kevin F. McDonald's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(a) of the District of South Carolina and filed on February 4, 2013. Plaintiff brought this action pursuant to Sections 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security, denying Plaintiff's claims for disability insurance benefits under Title II of the Social Security Act. *See* ECF No. 1. Magistrate Judge McDonald recommends that the Commissioner's decision be affirmed because it is based upon substantial evidence and free of legal error. ECF No. 20. For the reasons stated herein, the Court adopts the magistrate's Report and Recommendation in its entirety

## Background

Plaintiff filed an application for disability insurance benefits ("DIB") on July 24, 2008, alleging that he became unable to work on January 10, 2005. The

---

[1] Carolyn W. Colvin became Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, she should be substituted for Michael J. Astrue as the defendant in this suit.

Commissioner denied the application initially and on reconsideration. On July 6, 2009, Plaintiff requested a hearing and requested that the alleged onset date of disability be amended to April 25, 2005. The hearing was held on July 29, 2010, and on August 19, 2010, the administrative law judge ("ALJ") found that Plaintiff was not under a disability as defined in the Social Security Act, as amended. The ALJ's finding became the final decision of the Commissioner of Social Security when it was approved by the Appeals Council on December 16, 2011. Plaintiff then filed this action for judicial review.

## Standard of Review

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* Plaintiff filed objections to the Magistrate Judge's Report and Recommendation on April 26, 2013. ECF No. 21. Defendant filed a reply to Plaintiff's objections on May 1, 2013. ECF No. 22.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides: "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be

conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir.1964). This standard precludes *de novo* review of the factual circumstances that substitute the court's findings for those of the Commissioner. *Vitek v. Finch,* 438 F.2d 1157, 1157 (4th Cir.1971). This Court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson,* 483 F.2d 773, 775 (4th Cir.1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen,* 413 F.2d 278, 279 (4th Cir.1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the Secretary's findings, and that his conclusion is rational." *Vitek,* 438 F.2d at 1157–58.

The Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). The Commissioner's findings of fact are not binding, however, if they were based upon the application of an improper legal standard. *Coffman v. Bowen,* 829 F.2d 514, 517 (4th Cir.1987).

## Discussion

Plaintiff objects to the Magistrate Judge finding no error with the ALJ's consideration of treating physician, Dr. John Downey's opinion. Specifically, Plaintiff alleges that the ALJ erred in speculating as to Dr. Downey's motives for rendering his

opinion and that the ALJ erred by not affording appropriate weight to Dr. Downey's opinion. The Court finds, however, that Plaintiff's objections should be overruled.

On June 16, 2010, Dr. Downey completed a "Physical Medical Source Statement" for Plaintiff and opined that Plaintiff:

– could sit for 20 minutes at one time, and stand for 20 minutes at one time;

– could sit, stand, or walk for less than 2 hours in an 8-hour day;

– needed to take unscheduled breaks 2–3 times a day for 20–30 minutes at a time;

– could occasionally lift and carry 10 pounds, and frequently lift and carry less than 10 pounds;

– could rarely twist, stoop, crouch, and climb stairs;

– could never climb ladders;

– had no difficulty reaching, handling, and fingering with the right upper extremity;

– could never reach with the left upper extremity, and could use the left upper extremity for gross and fine manipulation only 10% of the time;

– was capable of low-stress work, but would be "off task" 25% or more of the time; and

– would likely be absent from work more than four days per month due to his impairments or treatment.

Tr. 305–07, ECF No. 8-8. Dr. Downey also noted that English not being Plaintiff's primary language was affecting his understanding and him being understood. Tr. 307.

A treating physician's opinion must be given controlling weight by an ALJ if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record. 20 C.F.R. §

416.927(c)(2). Thus, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996). However, if an ALJ accords less weight to a treating physician's opinion, he or she "may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and *not due to his or her own credibility judgments, speculation or lay opinion*." *Langley v. Barnhart*, 373 F.3d 1116, 1121 (10th Cir. 2004) (quoting *McGoffin v. Barnhart*, 288 F.3d 1248, 1252 (10th Cir. 2002)) (emphasis in original) (internal quotation marks omitted); *see Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (same); *Shrewsbury v. Chater*, No. 94-2235, 1995 WL 592236, at *5 (4th Cir. Oct. 6, 1995) (stating that it is "acceptable to reject a treating physician's opinions when there is *contradictory* medical evidence").

The ALJ in this case chose to give little weight to Dr. Downey's opinion. As part of this decision, the ALJ stated:

> [T]he possibility always exists that a doctor may express an opinion in an effort to assist a patient with whom he or she sympathizes for one reason or another. Another reality, which should be mentioned, is that patients can be quite insistent and demanding in seeking supportive notes or reports from their physicians, who might provide such a note in order to satisfy their patients' requests and avoid unnecessary doctor/patient tension. While it is difficult to confirm the presence of such motives, they are more likely in situations where the opinion in question departs substantially from the rest of the evidence of record, as in the current case, as his Medical Source Statement limitations is consistent with such a person that could not even move around . . . .

Tr. 22. Plaintiff is correct in his assertion that the ALJ's speculation about Dr. Downey's motives alone would be an insufficient basis for rejecting his opinion.

However, it is not improper for an ALJ to examine a treating physician's motives if the ALJ ultimately bases his or her decision to accord little weight to a treating physician's opinion on other substantial evidence in the record. *Yates v. Colvin*, No. 3:11-cv-464, 2013 WL 765591, at *9 (S.D. Ohio Feb. 28, 2013); *see Shrewsbury*, 1995 WL 592236, at *5.

Here, the ALJ provided a myriad of reasons supported by substantial evidence for discounting Dr. Downey's opinion. As discussed by the Magistrate Judge, the ALJ gave little weight to Dr. Downey's opinion because of: (1) the very limited objective findings in the record; (2) the opinion of another physician, Dr. Carter, that Plaintiff was not totally disabled and retained the capacity to perform sedentary to light work; (3) Dr. Downey's own report that Plaintiff showed improvement with treatment; and (4) the findings as to Plaintiff's limitations were inconsistent with Plaintiff's own testimony as to his daily activities. Report and Recommendation 12–15, ECF No. 20. It was this evidence on which the ALJ ultimately based his decision and not his own speculation about Dr. Downey's motives. Moreover, contrary to Plaintiff's contention, the Court finds that the substantial evidence cited by the ALJ contradicts Dr. Downey's opinion. Accordingly, Plaintiff's objections are overruled.

After reviewing the Magistrate Judge's Report and Recommendation and relevant case law, this Court finds that the Report and Recommendation applies sound legal principles to this case. Therefore, the Court adopts it in its entirety.

**IT IS THEREFORE ORDERED** that the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**



G. Ross Anderson, Jr.
Senior United States District Judge

May 8, 2013
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL DECISION

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Petitioner has the right to appeal this Order within **thirty (30)** days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**